# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CHRISTOPHER LAING,**

    Petitioner,

vs.                                            Case No. 4:16cv560-WS/CAS

**LORETTA LYNCH, et al.,**

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case on September 8, 2016, by submitting an "emergency petition for writ of habeas corpus" pursuant to 28 U.S.C. § 2241. ECF No. 1. Service of the petition, ECF No. 1, was directed, ECF No. 5, and Respondents filed a response to the petition. ECF No. 12. Respondents advised that because the Bahamian government had verified Petitioner's citizenship, it was significantly likely that Petitioner would be removed in the reasonably foreseeable future. *Id.* Respondents also requested dismissal of the petition.

Petitioner was provided an opportunity to file a reply. ECF No. 13. Petitioner's deadline of December 15, 2016, passed without Petitioner filing

a reply. Respondents, however, filed a supplement on November 28, 2016, stating that a travel document was approved and would be "forwarded to ICE upon submission of [Petitioner's] travel itinerary." ECF No. 14. Respondents advised that Petitioner's removal was "scheduled to occur on December 22, 2016." *Id.* at 2.

Another Order was entered in late December 2016, noting that if Petitioner had been removed from the United States as scheduled, the § 2241 habeas petition would be moot. ECF No. 15. Thus, the parties were required to file a response by January 5, 2017, clarifying Petitioner's detention status and advising whether or not the petition was moot. *Id.* Respondents filed a notice on that deadline advising that Petitioner was no longer in ICE custody and was "removed from the United States to the Bahamas on December 22, 2016." ECF No. 16-1 at 3.

The petition sought release from an alleged "unlawful, indefinite and prolonged detention" under the authority of Zadvydas v. Davis, 533 U.S. 678 (2001). ECF No. 1 at 1. However, because Petitioner has been removed from the United States, this case no longer presents a case or controversy. Petitioner has received the relief he sought - release from

detention. *Id.* at 6.  Accordingly, this § 2241 petition is moot and should be dismissed because Petitioner is no longer in custody.

It is respectfully **RECOMMENDED** that the § 2241 petition filed by Christopher Laing, ECF No. 1, be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on January 10, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**